IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Kathleen M. Tafoya

Civil Action No. 17-cv-02063-KMT

CARLIN Q. WILLIAMS,

    Applicant,

v.

UNITED STATES BUREAU OF PRISONS, and
JOE MOORHEAD, Warden,

    Respondents.

## ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS

This matter is before this Court pursuant to the Order of Reference (ECF No. 24), and the parties' unanimous consent to disposition of this action by a United States Magistrate Judge (ECF No. 23).

Applicant Carlin Q. Williams is a prisoner in the custody of the Federal Bureau of Prisons ("BOP") currently incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. He has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 6) challenging the BOP's computation of his sentence. He specifically claims that the BOP has unlawfully denied him 241 days of presentence confinement credit toward his federal sentence for the time he spent in federal custody from July 3, 2013 to April 21, 2014.

In response to the Court's Order to Show Cause (ECF No. 15), Respondents filed a "Response to Application for Writ of Habeas Corpus" (ECF No. 19), and Mr. Williams filed a "Rebuttal to Respondents Response to Application for Writ of Habeas Corpus" (ECF No. 26).

The Court must construe the Application and other papers filed by Mr. Williams liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for the *pro se* litigant. *See Hall*, 935 F.2d at 1110. After reviewing the pertinent portions of the record in this case, the Court will deny the Application for the reasons set forth below.

## I. BACKGROUND

The record establishes the following relevant facts. In 2011 and 2012, officers of the Kansas City Police Department arrested Mr. Williams on:

- July 8, 2011 for stealing a motor vehicle and resisting arrest;

- August 17, 2011 for simple assault and probation warrant;

- October 21, 2011 for resisting arrest;

- February 20, 2012 for resisting arrest, driving while license revoked, fleeing/attempt to elude police, defective equipment, and improper display of license plate; and

- April 22, 2012 for obstruction.

*See* ECF No. 19-4; ECF No. 19-5; ECF No. 19-6. On June 1, 2012, Mr. Williams was convicted in Missouri state court in case numbers 1216-CR00150 (stealing a motor vehicle), 1016-CR05215 (probation violation), and 1216-CR01202 (resisting arrest and driving while revoked). *See* ECF No. 19-6. He was sentenced to a three-year concurrent prison term in the custody of the Missouri Department of Corrections ("MDOC"). *See id.*

In 2013, while Mr. Williams was a state prisoner in custody of the MDOC, he was indicted for violation of federal law in *United States v. Williams,* Case Number 13-cr-00131-

FJG-1 (W.D. Mo. Apr. 4, 2013). On June 19, 2013, Mr. Williams was taken into federal custody on a writ of habeas corpus ad prosequendum, and transferred to the Caldwell County Detention Center in Kingston, Missouri. *See* ECF No. 6 at 3, 10; ECF No. 19-7.

According to Mr. Williams, the MDOC, Board of Probation and Parole ("Parole Board"), granted him release on parole on July 3, 2013, but he did not receive a copy of the order of release until April 21, 2014. *See* ECF No. 6 at 3-4, 15. According to Respondents, the Parole Board granted Mr. Williams conditional release on April 21, 2014, and the document showing a release date of July 3, 2013 was not generated by the Parole Board and is an altered version of the original order of conditional release. *See* ECF No. 19 at 3; ECF No. 19-9. Mr. Williams asserts he remained in federal custody and was sentenced in his federal case on May 8, 2015. *See* ECF No. 6 at 4. Respondents contend that Mr. Williams was sentenced to 92 months imprisonment in his federal criminal case on May 8, 2014, and his projected release date via good conduct time is December 26, 2020. *See* ECF No. 19-10; ECF No. 19-2.

Mr. Williams argues in the Application that he should receive presentence confinement credit of approximately 241 days toward his federal sentence for the time he spent in federal custody between July 3, 2013 and April 21, 2014. Respondents contend that the BOP correctly calculated Mr. Williams' sentence by determining that (1) his federal sentence commenced on May 8, 2014, the date it was imposed; and (2) he is not entitled to receive credit on his federal sentence for the period from July 3, 2013 to April 21, 2014, because he received credit on his state sentence for the entire period of time from April 22, 2012 through April 21, 2014.

## II. LEGAL STANDARD

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Attorney General, through the BOP, is responsible for calculating a federal prisoner's sentence in accordance with 18 U.S.C. § 3585. *See United States v. Wilson*, 503 U.S. 329, 334 (1992). The Attorney General's decision may be reviewed in a habeas corpus action pursuant to 28 U.S.C. § 2241.

"The computation of a federal sentence requires consideration of two separate issues." *Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006). The first issue involves the date a federal sentence commences. *See id.* "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). The second issue involves credit for presentence custody. *See Binford*, 436 F.3d at 1254. Pursuant to 18 U.S.C. § 3585(b), credit for prior custody is awarded for any time a defendant "spent in official detention *prior* to the date his federal sentence commences if the detention resulted from the same offense of conviction or from another charge for which the defendant was arrested after commission of the offense of conviction *and* if that time has not been credited against another sentence." *Weekes v. Fleming*, 301 F.3d 1175, 1178 (10th Cir. 2002).

## III. DISCUSSION

### A. Commencement of Federal Sentence

Mr. Williams alleges he was sentenced in his federal case to 92-months in custody of the BOP on May 8, 2015. *See* ECF No. 6 at 3. According to Respondents, the 92-month term of imprisonment was imposed on May 8, 2014. *See* ECF No. 19 at 3. The documentation provided by Respondents, as well as the docket for his federal case, both demonstrate that Mr. Williams was sentenced on May 8, 2014. *See* ECF No. 19-10; *see also United States v. Williams,* Case No. 13-cr-00131-FJG-1 (W.D. Mo. May 8, 2014) (ECF No. 31). Therefore, the Court finds that the BOP has correctly determined that Mr. Williams' federal sentence commenced on May 8, 2014, the date it was imposed.

### B. Credit for Prior Custody

The remaining issue in dispute is whether the BOP properly denied Mr. Williams credit toward his federal sentence for the time he spent in official detention prior to commencement of his federal 92-month sentence. Mr. Williams argues he is entitled to approximately 241 days of presentence confinement credit for the time he spent in federal custody from the date he was paroled by state authorities on July 3, 2013, through April 21, 2014. Respondents contend that Mr. Williams was serving his state sentence in official detention until parole on April 21, 2014; that he received credit on his state sentence from April 22, 2012 through April 21, 2014; and that he is not entitled to receive credit on his federal sentence for the period from July 3, 2013 to April 21, 2014, which falls within that larger period already applied to his state sentence.

Section 3585(b) prohibits awarding credit for prior custody if the time has been credited against another sentence. *See* 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward

the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence."). Thus, "Congress made clear [in enacting § 3585(b)] that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337; *see e.g.*, *Falan v. Gallegos*, 38 Fed. Appx. 549, 552 (10th Cir. 2002) (unpublished) ("since that time was presumably credited against [the plaintiff's] state sentence, it cannot qualify under the plain language of 18 U.S.C. § 3585(b).").

Here, the Court doubts the authenticity of the order of release on parole indicating a release date of July 3, 2013 that was provided by Mr. Williams. *See* ECF No. 6 at 15; ECF No. 26 at 10. The July 3, 2013 document is both unsigned and undated. *Id.* In contrast, Respondents have submitted a signed and witnessed order of conditional release as well as a letter from the Parole Board to the United States Marshals Service, both of which were provided to the BOP, which indicate a parole release date of April 21, 2014. *See* ECF No. 19-9. Respondents also have submitted to the Court the declaration of Jan Stopps, an employee of the BOP, who states that "upon further verification with the State of Missouri Department of Corrections, Board of Probation and Parole, it was discovered they did not generate the document submitted by Applicant, and the release had been altered from their date of April 21, 2014." ECF No. 19-1 at 4.

In addition, the record before the Court demonstrates that Mr. Williams was in federal custody from June 19, 2013 to April 21, 2014, pursuant to a federal writ of habeas corpus ad prosequendum. *See* ECF No. 19-7 at 2. As such, his federal custody was temporary and the State of Missouri retained primary custody during the period for which Mr. Williams seeks prior custody credit toward his federal sentence. *See Weekes*, 301 F.3d at 1181 (noting that the use of

an ad prosequendum writ to gain custody indicates the sovereign gaining custody is merely borrowing the prisoner from the sovereign with primary custody). The State of Missouri, therefore, did not relinquish its primary custody over Mr. Williams until April 21, 2014. *See* ECF No. 19-7; ECF No. 19-9 at 3.

The Court, therefore, concludes that the record clearly indicates that the MDOC, Board of Probation and Parole, issued its decision to release Mr. Williams on parole on April 21, 2014.

However, even assuming a presumptive parole date of July 3, 2013, Mr. Williams still cannot obtain the relief he seeks. Under Missouri law, a state prisoner receives credit toward his sentence whether in custody or on parole. *See* Mo. Rev. Stat. § 217.730 ("The period served on parole . . . shall be deemed service of the term of imprisonment."); *see also Esquivel v. Warden, F.C.I.,* 462 Fed. Appx. 825, 826-27 (10th Cir. 2012). The Parole Board's orders of release submitted to the Court by both Mr. Williams and Respondents establish that his concurrent three-year state sentence did not expire until April 21, 2015. *See* ECF No. 6 at 15; ECF No. 19-9; ECF No. 26 at 10-11. Thus, regardless of whether the Parole Board released Mr. Williams on parole on July 3, 2013 or April 21, 2014, it is undisputed that he continued to serve his state sentence until April 21, 2015, and that the BOP applied the time he spent in official detention between July 3, 2013 and April 21, 2014 toward his state sentence. Pursuant to 18 U.S.C. § 3585(b), Mr. Williams cannot also receive credit for that time against his federal sentence. *See e.g., Esquivel,* 462 Fed. Appx. at 826-27.

Given these circumstances, the BOP has properly determined that Mr. Williams' federal sentence commenced on May 8, 2014, the date it was imposed, and that he cannot receive credit toward his federal sentence for the time he spent in official detention from July 3, 2013 to April

21, 2014, because that time already has been applied to his state sentence, which was not discharged until April 21, 2015. Based on the foregoing, the Court concludes there is no basis to disturb the BOP's computation of Mr. Williams' federal sentence under 18 U.S.C. § 3585.

## IV. CONCLUSION

In summary, the Court finds that Mr. Williams is not entitled to relief and will deny the Application. Accordingly, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 6) is denied and this case is dismissed with prejudice.

**DATED** November 5, 2018.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge